IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC ROBERT FRY,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    C.A. No. 24-491-CFC-EGT
                                    )
MEGAN ADAMS et al.,                 )
                                    )
            Defendants.             )

## REPORT AND RECOMMENDATION

Plaintiff Eric Robert Fry, an inmate at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

According to the Complaint, on January 31, 2024, Plaintiff was brought into one of his hearings after it had already begun. (D.I. 3 at 5). Plaintiff alleges that, at the time he came in, Judge Megan Adams was presiding, Detective Daniel Watson was testifying, and Deputy Attorney General James Betts and Public Defender John Edinger Jr. were also present. (*Id.*). All are named defendants in this case. When Plaintiff was brought into the hearing, he was seated next to Mr. Edinger as the hearing was concluding. (*Id.*). Plaintiff inquired as to what was happening, and he was allegedly told to be quiet. (*Id.*). Judge Adams "rule[d] on the case" shortly after Detective Watson finished testifying. (*Id.*). Plaintiff was then removed from the courtroom. (*Id.*).

On April 8, 2024, Plaintiff voiced his concerns to Mr. Edinger about his rights being violated at this January 2024 hearing, and Mr. Edinger allegedly responded that he did not care

about Plaintiff's rights. (D.I. 3 at 6). Plaintiff further alleges that the four named Defendants participated in a conspiracy to violate his rights at the aforementioned hearing. (*Id.* at 5-6). Plaintiff requests that these four individuals "be held accountable." (*Id.* at 8).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, however, the Court must grant Plaintiff

leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A.    Judicial Immunity

Plaintiff has sued Judge Adams, the judge who presided over Plaintiff's hearing on January 31, 2024. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). A judge may be deprived of this immunity only if they "acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Plaintiff does not plead any facts to plausibly suggest that Judge Adams acted in the clear absence of all jurisdiction. (*See* D.I. 3). And the Court does not believe any such facts exist, particularly given that Judge Adams was presiding over Plaintiff's hearing in a judicial capacity. Judge Adams is immune from suit and the Court recommends that the claims against her be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) & (iii) and 1915A(b)(1) & (2). *See Newton v. City of Wilmington*, 206 F. Supp. 3d 947, 954 (D. Del. 2016), *aff'd*, 676 F. App'x 106 (3d Cir. 2017).

### B.  Prosecutorial Immunity

Plaintiff has also sued Deputy Attorney General Betts, a state prosecutor on his case. Prosecutors initiating and pursuing criminal charges within the scope of their duties are immune from liability under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Prosecutors enjoy this absolute immunity when the prosecutorial activities are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.

The only facts pled as to Deputy Attorney General Betts are related to conduct during the January hearing in Plaintiff's case. (D.I. 3 at 5). A hearing before a judicial officer is the type of prosecutorial activity so "intimately associated with the judicial phase of the criminal process" as to afford a prosecutor absolute immunity. *Imbler*, 424 U.S. at 430; *see also Newton*, 206 F. Supp. 3d at 954. The Court thus recommends that the claims against Deputy Attorney General Betts be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) & (iii) and 1915A(b)(1) & (2).

### C.  Public Defender

Also among the individuals sued is John Edinger Jr., the state public defender representing Plaintiff at the hearing in question. A public defender does not act under the color of state law, and is thus not liable under § 1983, "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

Here, Plaintiff alleges that Mr. Edinger conspired with the other Defendants to violate Plaintiff's rights at the January hearing and, further, that Mr. Edinger told Plaintiff he did not care about his rights when Plaintiff brought up further concerns two months later. (D.I. 3 at 5-6). None of these allegations allow the Court to draw an inference (let alone a reasonable inference) that Mr. Edinger was acting under the color of state law. Mr. Edinger was functioning as Plaintiff's counsel and § 1983 does not reach his alleged conduct.[1] The Court recommends that the claims against Mr. Edinger also be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### D.    Testifying Police Officer

The final Defendant sued by Plaintiff is Detective Daniel Watson, the police officer that testified during Plaintiff's January hearing. "[P]olice officers who testify in criminal trials are protected by absolute witness immunity from suits under § 1983." *Simonton v. Ryland-Tanner*, 836 F. App'x 81, 84 (3d Cir. 2020); *see also Briscoe v. LaHue*, 460 U.S. 325, 343 (1983) ("Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties."). The absolute witness immunity extends to "the pretrial stage of the judicial process." *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988). Alleging false testimony, or alleging a conspiracy to submit false testimony, does not abrogate the absolute immunity witnesses enjoy. *See McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992).

All Plaintiff alleges with respect to Detective Watson is that he was testifying when Plaintiff entered the hearing and, further, that Judge Adams ruled when Detective Watson's testimony concluded. (D.I. 3 at 5). Detective Watson enjoys absolute immunity for this conduct. Plaintiff also makes the broad assertion, without any supporting allegations, that Detective Watson

---

[1]    The Court cannot identify a separate claim resulting from a public defender making a statement as alleged here.

was engaged in a conspiracy with the other three Defendants to violate his rights. (*Id.* at 6). But even if Detective Watson conspired with the others to give false testimony in order to harm Plaintiff, Detective Watson would continue to enjoy absolute witness immunity for his conduct at Plaintiff's hearing. *See McArdle*, 961 F.2d at 1085. Therefore, the Court recommends that the claims against Detective Watson be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) & (iii) and 1915A(b)(1) & (2).

Judge Adams, Deputy Attorney General Betts and Detective Watson all enjoy absolute immunity in connection with their conduct at Plaintiff's hearing on January 31, 2024. The fourth Defendant, Mr. Edinger, was not acting under the color of state law at the time of the complained-of conduct and is therefore not a state actor for purposes of § 1983. Therefore, the Court recommends that all claims in the Complaint be dismissed. And because the Court concludes that amendment would be futile, the Court recommends that the dismissal be with prejudice. *See, e.g.*, *Newton v. City of Wilmington*, 676 F. App'x 106, 108-09 (3d Cir. 2017) (finding that amendment would be futile when Plaintiff filed his first complaint against a judge, prosecutor, and defense counsel (among others) for their role in judicial proceedings against him).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that the Complaint (D.I. 3) be DISMISSED WITH PREJUDICE.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v.*

*Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  March 17, 2025

_____
UNITED STATES MAGISTRATE JUDGE